

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-1-2009

# Dilorio v. Neshaminy Manor

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1758

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Dilorio v. Neshaminy Manor" (2009). *2009 Decisions*. Paper 1608.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1608

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1758
_____

DOMINICK DIIORIO,

Appellant

v.

NESHAMINY MANOR


On Appeal From the United States District Court
for the Eastern District of Pennsylvania
(Civil No. 06-cv-02400)
District Judge:  Honorable John P. Fullam

Submitted Under Third Circuit LAR 34.1(a)
January 5, 2009

Before: CHAGARES and HARDIMAN, Circuit Judges, and GARBIS,* District Judge.

(Filed: April 1, 2009)
_____

OPINION OF THE COURT
_____

_____

* The Honorable Marvin J. Garbis, Senior District Judge, United States District
Court for the District of Maryland, sitting by designation.

CHAGARES, Circuit Judge.

Dominick DiIorio appeals the District Court's grant of summary judgment in favor of his employer, Neshaminy Manor, and denial of DiIorio's motion for summary judgment. DiIorio claims that Neshaminy Manor interfered with his rights under the Family and Medical Leave Act ("FMLA") by unlawfully denying benefits that he held prior to taking a medical leave of absence. We disagree and will affirm the judgment of the District Court.

I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts.

DiIorio was on FMLA leave from January 11, 2005 to April 5, 2005. He contends that, upon returning to work, he was assigned a less favorable position on the overtime list than he should have been. Neshaminy Manor offers opportunities to work overtime according to a rotating list required by a collective bargaining agreement. Appendix ("App.") 178-79. The purpose of the list is to give employees roughly equal opportunities to work overtime. App. 15-16.

In putting together the overtime list, Neshaminy Manor initially assigns employees to the list in reverse order of seniority. As opportunities for overtime work are presented, the employee with the fewest overtime hours is given the opportunity to accept the overtime assignment. Employees are credited, on the list, with the number of overtime

2

hours they actually work or, if they turn down the assignment, with the number of overtime hours they could have worked had they accepted the assignment. Thus, employees cycle through the list, with every employee having a roughly equal opportunity to work overtime. Every six months, the slate is wiped clean, and the process is repeated.

Neshaminy Manor has also adopted the practice of placing new hires and persons who have been absent on leave for more than three weeks in the least favorable position on the overtime list. Accordingly, when DiIorio returned from leave, he was placed at the top of the overtime list. As a result, he was not offered overtime until eight days after his return. Because the list was reconstituted shortly before DiIorio began his FMLA leave, he was in a better position on the overtime list immediately before commencing his leave than when he returned.[1]

DiIorio filed this lawsuit against Neshaminy Manor on November 14, 2005, alleging that his post-leave placement at the top of the overtime list interfered with his rights under the FMLA, and that Neshaminy Manor retaliated against him for taking FMLA leave. Neshaminy Manor filed a Motion for Summary Judgment and DiIorio filed a Cross-Motion for Summary Judgment. The District Court granted Neshaminy Manor's motion and denied DiIorio's motion. DiIorio now appeals the District Court's judgment

---

[1] On the day DiIorio commenced his FMLA leave, he had zero hours on the overtime list. Upon DiIorio's return to work, he was assigned 172 hours of overtime, placing him at the top of the overtime list.

with respect to his FMLA claim.[2]

## II.

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Because DiIorio is appealing from a final judgment, we have jurisdiction pursuant to 28 U.S.C. § 1291.

When reviewing an order granting summary judgment, "[w]e exercise plenary review . . . and we apply the same standard that the lower court should have applied." Farrell v. Planters Lifesavers Co., 206 F.3d 271, 278 (3d Cir. 2000). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In making this determination, we "view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." Farrell, 206 F.3d at 278. "There must, however, be sufficient evidence for a jury to return a verdict in favor of the nonmoving party; if the evidence is merely colorable or not significantly probative, summary judgment should be granted." Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994). "A disputed fact is 'material' if it would affect the outcome of the suit as determined by the substantive law." Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078

---

[2] DiIorio did not appeal the District Court's judgment with respect to the retaliation claim, so we do not address that issue here.

(3d Cir. 1992).

III.

The FMLA prohibits an employer from interfering with, restraining or denying an employee his rights under the FMLA. 29 U.S.C. § 2615(a)(1). "After a period of qualified leave, an employee is entitled to reinstatement to his former position or an equivalent one with 'equivalent employment benefits, pay and other terms and conditions of employment.'" Sommer v. Vanguard Group, 461 F.3d 397, 399 (3d Cir. 2006) (quoting § 2614(a)(1)). Moreover, "[t]he taking of [FMLA] leave . . . shall not result in the loss of any employment benefit accrued prior to the date on which leave commenced." § 2614(a)(2). These rights are subject to limitations, however; specifically, a "restored employee" is not entitled to "the accrual of any seniority or employment benefits during any period of leave" or "any right, benefit, or position of employment other than any right, benefit, or position to which the employee would have been entitled had the employee not taken the leave." § 2614(a)(3).

DiIorio contends that the District Court erred in holding that Neshaminy Manor did not interfere with DiIorio's rights under the FMLA because Neshaminy Manor has "substantially reduced Mr. DiIorio['s] access to overtime work by placing him last in line to receive such work." Appellant's Br. 15. DiIorio asserts that the Department of Labor has issued a regulation, pursuant to its authority under 29 U.S.C. § 2654, that specifically addresses the issue before this Court. Appellant's Br. 21-22 . The regulation defines an

5

equivalent position as, *inter alia*, a position that entitles a person to a similar amount of overtime work upon return from FMLA leave as was available to that person before the leave. 29 C.F.R. § 825.215(c)(1); see also 29 C.F.R. § 825.215(c) ("If an employee departed from a position averaging ten hours of overtime (and corresponding overtime pay) each week, an employee is ordinarily entitled to such a position on return from FMLA leave.").[3]

Neshaminy Manor argues that the District Court correctly concluded that Neshaminy Manor did not interfere with DiIorio's FMLA rights because DiIorio was reinstated to the same position with equivalent opportunities for overtime. Appellee's Br. 15 ("[DiIorio] worked overtime eight days after he returned from leave, which was consistent with his waiting periods between overtime opportunities for the months prior to his leave. Further, DiIorio continued to work overtime on a[n] equitable basis as his coworkers until he voluntarily transferred [to another job]."). Neshaminy Manor emphasizes that "[w]hat DiIorio seeks is a preferred employment status, or being placed in a priority position over his coworkers" by being allowed to "[make] up all the [overtime] opportunities he missed while on leave." Id. This amounts to an accrual of benefits during leave, to which employees are not entitled under the FMLA.

---

[3] DiIorio also asserts that (1) collective bargaining agreements may not diminish an employee's rights to take FMLA leave or waive an employee's FMLA rights, and (2) the District Court erred in analogizing the distribution of overtime hours to a production bonus. We find that the disposition of these issues does not affect the outcome of this appeal, and therefore do not address these arguments below.

We agree with Neshaminy Manor and will affirm the District Court's holding. Even though DiIorio was placed at the top of the overtime list upon his return from FMLA leave, he was reinstated to the same position and was immediately put back into the overtime rotation, subject to Neshaminy Manor's generally applicable overtime policy. This policy ensured that all Neshaminy Manor employees had roughly equal opportunities to work overtime. After his leave, therefore, DiIorio had the same *opportunities* for overtime as he did prior to taking the leave. See 29 C.F.R. § 825.215(c) (stating that employees are entitled to be restored to a position with the same *average* overtime opportunities). In fact, DiIorio worked overtime only eight days after returning from leave, and continued to work overtime on an equitable basis as his coworkers until he voluntarily transferred to another job. Thus, it is simply not true that Neshaminy Manor "substantially reduced Mr. DiIorio['s] access to overtime work." Appellant's Br. 15.

Ultimately, in claiming that he should have been credited for zero hours of overtime upon his return from FMLA leave, DiIorio is not requesting a reinstatement of his prior overtime benefits (equivalent opportunities for overtime work), but rather, he is asking to make up all the overtime he missed while he was out on leave. This amounts to a retroactive accrual of work related benefits to which DiIorio is not entitled under the FMLA. See 29 U.S.C. § 2614(a)(3)(A). As the District Court correctly noted, the FMLA mandates that Neshaminy Manor restore DiIorio to his prior position with equivalent

7

benefits, but it does not entitle DiIorio "to be treated as if he had actually worked during the period of his leave." DiIorio v. Manor, No. 06-cv-02400-JF, 2007 WL 519252, at *2 (E.D. Pa. Feb. 12, 2006).

Because DiIorio was reinstated to his position with equivalent opportunities for overtime, we will affirm the District Court's judgment.